■ PATRICK FABER, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about March 12, 1991, which denied the motion of the defendant, the New York City Transit Authority, for a protective order, and denied the plaintiff's request for sanctions, is unanimously reversed, to the extent appealed from and as limited by the parties' appellate briefs, on the law, on the

facts, and in the exercise of discretion, and the motion of defendant for a protective order granted, without costs.

On or about January 16, 1987, at approximately 2:10 A.M., Mr. Patrick Faber was severely injured, when he was struck by a subway train, at the Lenox Avenue and 125th Street Station (station), New York County. Thereafter, in January 1988, Mr. Faber (plaintiff) commenced an action against the New York City Transit Authority (NYCTA), and other defendants to recover damages for his injuries.

When the plaintiff sought to depose all ten NYCTA employees, who were on duty at the subject station at the time of the incident, namely: the subway station cleaner, the railroad clerk, the train dispatcher, the station supervisor, four NYCTA police officers, the train conductor, and the train motorman, NYCTA agreed to provide the police officer, who filed the accident report, the motorman and the conductor. Subsequently, by a Preliminary Conference Order, dated January 8, 1991, a Judicial Hearing Officer directed that the plaintiff be permitted to depose all ten NYCTA employees, depositions to begin on February 13, 1991. While NYCTA moved for a protective order, the plaintiff sought sanctions against NYCTA for failure to comply with the Preliminary Conference Order. The Motion Court denied both motions.

Defendant NYCTA (defendant) appeals, and, by order, entered April 9, 1991, we granted defendant's motion for a stay of all proceedings, pending the hearing and determination of that appeal.

It is well established law in this State that a corporation, including a municipal or public corporation, can generally, in the first instance designate "which of its employees will represent it for the purposes of pretrial depositions" (*Lotz v Albany Med. Center Hosp.*, 85 AD2d 836, 837 [1981]; *Hansen v City of New York*, 283 App Div 891 [1954]; *Compagnie De Banque Et De Credit v Citibank*, 92 AD2d 495 [1st Dept 1983]; *Matter of Rattner v Planning Commn.*, 110 AD2d 840 [1985]; *Tower v Chemical Bank*, 140 AD2d 514, 515 [1988]).

*Hansen v City of New York (supra)* is a case involving a plaintiff, who was allegedly injured, while attempting to board an express subway train. In that case, the Appellate Division modified a Motion Court order directing the defendant City to produce for deposition a large number of witnesses, and that Court significantly stated "[o]n the record presented defendant should not * * * be required to produce for examination the employees or groups of employees specified in the order. It should be enough if defendant produces one or more of its

officers or employees, who has or have knowledge of the facts. If, after an examination of the person or persons produced, it shall appear that a further examination of any specific person or persons is necessary, application may be made to the court for such further examination" *(Hansen v City of New York, supra,* at 892).

Applying the legal authority analyzed *supra* to the facts herein, we find that the Motion Court erred in denying defendant's motion for a protective order, since the Preliminary Conference Order improperly permits plaintiff to conduct examinations before trial of seven of defendant's employees, without the plaintiff having first made "a detailed showing of the necessity for taking the deposition of each such witness" *(S. S. Silberblatt, Inc. v American Pecco Corp.,* 52 AD2d 824, 825 [1st Dept 1976]; *Hansen v City of New York, supra,* at 892). Those seven witnesses are the subway station cleaner, the railroad clerk, the train dispatcher, the station supervisor, and three NYCTA police officers, in addition to the officer, who filed the accident report.

Accordingly, we reverse, and grant defendant's motion. Concur—Sullivan, J. P., Wallach, Kupferman, Ross and Asch, JJ.