■ OLGA MANGUAL, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [850 NYS2d 101]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered August 28, 2006, which, in an action for personal injuries, denied plaintiff's motion to strike defendant's answer or to strike the answer unless defendant produced a design engineer for deposition, and sua sponte precluded both parties from using a design engineer at trial and directed defendant to produce a cleaner who has knowledge of the staircase where the accident occurred for deposition, unanimously modified, on the law and the facts, to vacate the preclusion order, and otherwise affirmed, without costs.

The court properly denied plaintiff's motion to strike defendant's answer since there was no showing that defendant's conduct during discovery was willful, contumacious or in bad faith (CPLR 3126; *see Guzetti v City of New York*, 32 AD3d 234 [2006]). Defendant was not obligated in the first instance to produce a witness of plaintiff's choosing for deposition (*see Faber v New York City Tr. Auth.*, 177 AD2d 321 [1991]), and its offer to produce a cleaner at the subway station where plaintiff fell was reasonable under the circumstances. While there were no specific allegations in the complaint or bill of particulars that plaintiff's fall was due to negligent design of the staircase, there was no justification for the court's sua sponte preclusion order.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Friedman, Sweeny and Moskowitz, JJ.