■ DONALD KUGEL, Respondent, v CITY OF NEW YORK et al., Defendants, and A. JETTA TOWING, Appellant. [873 NYS2d 630]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered June 25, 2008, which, to the extent appealed from, granted plaintiff's cross motion to strike defendant's answer for spoliation of evidence and award judgment on liability, unanimously reversed, on the law, without costs, the cross motion denied and the answer reinstated.

While a party's pleading may be struck as a sanction for the intentional destruction of key evidence (*see Amaris v Sharp Elecs. Corp.*, 304 AD2d 457 [2003], *lv denied* 1 NY3d 507 [2004]), the documents destroyed by defendant, allegedly because its president believed the corporation had been dissolved, did not constitute key evidence warranting such a harsh sanction. Where the destroyed evidence is not crucial to the proof of the plaintiff's case, as here, a lesser sanction for spoliation is appropriate (*see Metropolitan N.Y. Coordinating Council on Jewish Poverty v FGP Bush Term.*, 1 AD3d 168 [2003]; *Tommy Hilfiger, USA v Commonwealth Trucking*, 300 AD2d 58, 60 [2002]). As we have said, "[a]lthough some lesser sanction . . . appears to be appropriate, that is a matter best left to the discretion of the trial court and should be made on the basis of the record before it at the time" (*Quinn v City Univ. of N.Y.*, 43 AD3d 679, 680 [2007]). Furthermore, the record does not establish that defendant's failure to comply with discovery demands was willful, contumacious or in bad faith (*see Mangual v New York City Tr. Auth.*, 48 AD3d 212 [2008]). Concur—Mazzarelli, J.P., Gonzalez, Sweeny, McGuire and DeGrasse, JJ.