■ PATRICK D. ISLAR et al., Appellants, v NEW YORK CITY BOARD OF EDUCATION et al., Respondents. [882 NYS2d 110]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered March 16, 2009, which granted plaintiffs' motion to strike defendants' answer only to the extent of directing defendants to produce three specified witnesses for depositions and awarding plaintiffs costs of the depositions, including reasonable attorneys fees, unanimously affirmed, without costs.

The court exercised its discretion in a provident manner in imposing a lesser sanction than that requested (*see Kugel v City of New York*, 60 AD3d 403 [2009]). The record indicates that the missing witness statements from defendants' internal investigation of the alleged sexual assault of infant plaintiff were not crucial to the prosecution of plaintiffs' claims, inasmuch as each of the witnesses was available for deposition, and other investigative proof, including police records, suggested that the witness' statements were not supportive of plaintiffs' claims (*see Jordan v Doyle*, 24 AD3d 107 [2005], *lv denied* 7 NY3d 705 [2006]). Although constituting hearsay, the court properly relied, in part, on police investigative records in deciding the motion.

Furthermore, defendants' conduct in not providing a definitive answer as to the availability of the witness statements during an 18-month period, albeit during which eight discovery orders were issued, did not amount to willful and contumacious conduct on defendants' part, since defendants could not locate the statements despite a thorough search for them. Even assuming that plaintiffs met their initial burden of showing that defendants' conduct was willful and contumacious, defendants offered a reasonable excuse for their failure to comply with discovery orders, namely that the statements could not be located (*see Palmenta v Columbia Univ.*, 266 AD2d 90 [1999]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Tom, Mazzarelli, Andrias and Saxe, JJ.