Leffler v Kotick (2024 NY Slip Op 05025)

Leffler v Kotick

2024 NY Slip Op 05025

Decided on October 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2024

Before: Kern, J.P., Oing, Kennedy, Higgitt, Michael, JJ. 

Index No. 155820/18 Appeal No. 2787 Case No. 2024-02364 

[*1]Marc Leffler, Plaintiff-Respondent,
v
Joel M. Kotick, Defendant-Appellant.

Joel M. Kotick, appellant pro se.
Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered April 1, 2024, which, to the extent appealed from, denied defendant's post-judgment motion to strike plaintiff's pleadings and granted plaintiff's motion to preclude defendant from producing witnesses, unanimously affirmed, without costs.
Supreme Court providently denied defendant's motion to strike the pleadings. The court previously granted summary judgment on plaintiff's defamation claim, finding him liable for making substantially false statements to a nonprivileged party, and this Court affirmed that decision (see Leffler v Kotick, 187 AD3d 543, 543 [1st Dept 2020]). Even if his motion was timely, defendant fails to argue, let alone demonstrate, that plaintiff failed to comply with discovery orders in a willful or contumacious manner (see Rodney v City of New York, 192 AD3d 606, 606 [1st Dept 2021]; Mangual v New York City Tr. Auth., 48 AD3d 212, 212 [1st Dept 2008]).
Supreme Court providently granted plaintiff's motion to preclude defendant's witnesses. The only issue remaining in this case is the extent to which defendant's defamation damaged plaintiff's reputation and caused him economic injury. Defendant fails to show how any of these witnesses have personal knowledge of the damages plaintiff sustained as a result of the defamation. In addition, none of these witnesses were previously identified during discovery or testified at a deposition (see Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 212 [2d Dept 2012]). Defendant's failure to identify these witnesses in the nearly six years that this litigation has been pending warrants their preclusion (see id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2024